David M. Grey, Esq.  Bar #124793
david@greyslaw.com
Grey & Grey
3205 Ocean Park Blvd., Suite 260
Santa Monica, CA 90405
310/444-1980   fax 310/444-1970

Attorneys for Plaintiff
C.D. a minor, by and through his Guardian Ad Litem, Michelle Dougherty

UNITIED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.D., a minor, by and through his Guardian Ad Litem, Michelle Dougherty<br><br>Plaintiff,<br><br>vs.<br><br>Atascadero Unified School District,<br><br>Defendants. | Case No.<br><br>Complaint for Violation of IDEA [20 U.S.C. §1400 et. seq.] |

1. Plaintiff, C.D. was a 9th grader at Atascadero High School and is a disabled minor, who brings this action through his Guardian Ad Litem, Michelle Dougherty, using only his initials as provided by Federal Rules of Civil Procedure, Rule 5.2(a)(3). This is an appeal of a special education Decision rendered by California's Office of Administrative Hearings (OAH). Plaintiff brings this action to reverse

Complaint for Violation of IDEA

the OAH Decision.

## JURISDICTION

2. Jurisdiction of this court is invoked under 20 U.S.C. §1415(i)(3)(A)("[t]he district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy").

## PARTIES

3. C.D. is a student with a disability entitled to the benefits of 20 U.S.C. §1400 et seq. (IDEA) and California's Education Code.

4. Defendant, Atascadero Unified School District (Atascadero), is a public school District in California, governed IDEA and the California Education Code.

5. OAH is a state agency acting under contract with the California Department of Education. OAH is responsible for handling due process hearings involving issues relating to the identification, evaluation, special education and related services, or educational placement of a child with a disability, or the provision of a free appropriate public education (FAPE) to the child under idea and the California Education Code.

## BASIC FACTS

6. C.D. was removed from his IEP placement for more than 10-

days because of a violation of a student code of conduct in May 2022. He is eligible for special education under the categories of speech/language impairment and other health impairment (Central Auditory Processing Disorder & Attention Deficit Hyperactivity Disorder). These disabilities, and others, cause C.D. to have "difficulties with focus, attention, and compliance" according to his individualized educational plan (IEP).

7. C.D.'s IEP includes a behavior intervention plan. Target behaviors include physical aggression (bodily contact "that causes or could cause injury to another"), verbal aggression ("profanity, cursing, and/or verbal threats"), and being off-task. His IEP provides for intensive behavioral support and a 1:1 aide for the whole school day.

8. In May 2022, C.D. made physical contact with his teacher, made threats, was verbally aggressive and non-compliant to teacher/staff directives. He was suspended and then recommended for expulsion. He was out of school for more than 20-days. At the end of the school year, Atascadero rescinded the expulsion, but the suspension still remains on his record.

9. A manifestation determination IEP meeting was held on 5/19/22 pursuant to 20 U.S.C. §1415(k). The District concluded that the

conduct was not a manifestation of C.D.'s disabilities. The IEP team did not consider all relevant information that was available or part of C.D.'s records. Relevant information about C.D.'s conduct was not provided to the family or other members of the manifestation determination team. Atascadero found that C.D.'s IEP was appropriate and was being properly implemented. Finally, it concluded that C.D.'s behavior was not caused by, or did not have a direct and substantial relationship to his disabilities. He was removed from his IEP placement for more than 20 days.

## PROCEDURAL HISTORY

10. C.D. filed a complaint with OAH in June 2022 to challenge Atascadero's manifestation determination at the 5/19/22 IEP meeting. His complaint was assigned OAH case #2022060339.

11. An Administrative Decision was rendered on 8/4/22. OAH found that C.D.'s conduct was not a manifestation of his disability, not related to a failure to implement his IEP or behavior intervention plan. The OAH Decision also refused to determine if Atascadero failed to consider relevant information, or if the families rights to participate in the manifestation determination where compromised because they were not provided with relevant documents about the incident.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. Plaintiff has exhausted administrative remedies as alleged in paragraphs 10-11. He is now entitled to file this action as an aggrieved party and to recover attorney's fees as a prevailing party. There is nothing more to do to exhaust administrative remedies and/or he is excused from doing so because it would be futile.

## FIRST CAUSE OF ACTION

(Violation of IDEA 20 U.S.C. §1400 et seq., and the California Education Code § 56500 et seq. Against all Defendants)

13. Plaintiff incorporates herein by reference paragraphs 1 through 12 of this Complaint.

14. The OAH Decision is not based upon careful and impartial consideration of all the evidence. The Decision did not address or consider evidence and issues that supports Plaintiff's position.

15. The OAH Decision is not based upon the laws and rules specified in IDEA or the California Education Code and reflects an abuse of discretion on the part of the Administrative Law Judge. The Administrative Law Judge failed to conduct the hearing in the manner required by law and made inappropriate rulings. The Decision does not conform to IDEA and the California Education Code or federal and California law. Plaintiff is entitled to reversal of the Decision.

Complaint for Violation of IDEA

## PRAYER FOR RELIEF

Plaintiffs prays that judgment be entered against the Defendant as follows:

1. An order reversing the OAH Decision;

2. An order that the incident was caused by or directly and substantially related to C.D.'s disabilities;

3. An Order that C.D.'s conduct was the direct result of a failure to assess, formulate or implement an appropriate IEP;

4. An Order that Atascadero review, update and revise C.D.'s behavioral intervention plan and award him compensatory education;

4. An Order that the discipline be rescinded;

5. A declaration that C.D. is the prevailing party and entitled to attorney's fees;

6. For the costs of suit incurred herein; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 22, 2022                    GREY & GREY

                                          By: S/David M. Grey
                                          David M. Grey
                                          Attorneys for Plaintiffs